UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SETH JOSEPH KINNEY,

        Plaintiff,

v.

CITY OF LYNNWOOD, et al.,

        Defendants.

C17-159 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' motion for summary judgment, docket no. 19, is GRANTED in part and DENIED in part, as follows:

    (a) In light of plaintiff's concession that his claims asserted under 42 U.S.C. § 1983 lack merit, *see* Pla.'s Resp. (docket no. 22), such claims are DISMISSED with prejudice;

    (b) With respect to plaintiff's negligence claim, which is alleged solely against defendant City of Lynnwood, a two-sentence argument was made in the motion for summary judgment that such claim is barred by the public-duty doctrine. *See* Defs.' Mot. at 24:10-17 (docket no. 19). Plaintiff did not respond to this argument and instead requested that the Court remand the remaining state law claim to Snohomish County Superior Court pursuant to 28 U.S.C. § 1367(c)(3). The Court DECLINES to remand this matter.

    (c) The Court also DECLINES to grant defendant City of Lynnwood summary judgment as to plaintiff's negligence claim on the basis of the public-duty doctrine. The public-duty doctrine defines the four instances under which a governmental entity may be found to owe a statutory or common law duty to a particular member of the public, namely (i) legislative intent, (ii) failure to

MINUTE ORDER - 1

enforce, (iii) the rescue doctrine, or (iv) a special relationship. *See* <u>Cummins v. Lewis Cnty.</u>, 156 Wn.2d 844, 853 & n.7, 133 P.3d 458 (2006). If one of these four "exceptions" does not apply, then no liability may be imposed for a public officer's negligent conduct, based on the reasoning that a duty was not owed specifically to the individual plaintiff, as opposed to the public in general. <u>Id.</u> at 852. In this matter, defendant contends that plaintiff should be considered another "member of the public" for purposes of evaluating his claim that Police K9 Zato was negligently deployed on the day that the dog bit plaintiff, who was a fellow police officer providing "cover" while Zato was tracking a suspect. The Court is not persuaded that plaintiff was simply a "member of the public." Moreover, even if the public-duty doctrine applies, when the facts and justifiable inferences drawn therefrom are considered in the light most favorable to plaintiff, *see* <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986), the Court cannot conclude, as a matter of law, that plaintiff was not owed a duty on the basis of a special relationship.[1] Trial on plaintiff's negligence claim remains set for May 7, 2018.[2]

(2) The Clerk is DIRECTED to update the docket to reflect that, because plaintiff's § 1983 claim has been dismissed, Curtis and Emily Zatylny are no longer defendants in this matter, and to send a copy of this Minute Order to all counsel of record.

Dated this 12th day of March, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

[1] To demonstrate a "special relationship" creating an actionable duty on the part of a governmental entity, a plaintiff must show: (i) the plaintiff had direct contact or privity with a public official, thereby setting the plaintiff apart from the general public; (ii) the public official gave "express assurances" to the plaintiff; and (iii) the plaintiff justifiably relied on such express assurances to his or her detriment. *See* <u>Cummins</u>, 156 Wn.2d at 854; *see also* <u>Conely v. City of Lakewood</u>, 2012 WL 6148866 at *12 (W.D. Wash. Dec. 11, 2012) (citing <u>Garnett v. City of Bellevue</u>, 59 Wn. App. 281, 796 P.2d 782 (1990)). A "special relationship" may also be premised on a public official's actions in affirmatively creating a danger or increasing a plaintiff's vulnerability to a danger if such actions were beyond negligent and rose to the level of "conscience shocking." *See* <u>Tucker v. City of Lakewood</u>, 2016 WL 6037983 at *4 (W.D. Wash. Oct. 14, 2016) (citing <u>Currier v. Doran</u>, 242 F.3d 905, 923 (10th Cir. 2001)).

[2] The motion to strike the report and testimony of plaintiff's expert Ernest Burwell, docket no. 19, based on the untimeliness of disclosure, is DENIED. The motion, docket no. 25, to disregard Burwell's opinion pursuant to <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), is STRICKEN without prejudice because it was improperly made in a reply brief. The scope of expert testimony will be addressed at the Pretrial Conference on April 27, 2018, at 2:00 p.m.

MINUTE ORDER - 2